UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS HUERTA-VILLA,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2839

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. (ECF No. 3.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the

community. (Pet., ECF No. 1, PageID.4.)[1] In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 8.) Respondents filed their response and a recording of the July 14, 2026, bond hearing on October 9, 2026. (Resp., ECF No. 9; Recording of July 14, 2026, Bond Hearing, filed on Oct. 9, 2026.) Petitioner filed his reply on October 26, 2026. (ECF No. 14.)

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2018. (Pet., ECF No. 1, PageID.2.) On November 15, 2025, Petitioner was arrested by ICE. (*Id.*)

On July 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*) At the conclusion of the July 14, 2026, hearing, the immigration judge denied Petitioner's request for bond, stating, "[Petitioner has] failed to show he's not a danger . . . alternatively, I'm finding he's a flight risk, given he's been ordered removed."[2] (Recording of July 14, 2026, Bond Hearing, at 7:09–7:19, filed on Oct. 9, 2026.) In the Immigration Court's written order following the bond hearing, the Immigration denied bond, stating: Danger and alternatively a flight risk." (July 14, 2026, Order Immigration Judge, ECF No. 9-6.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina*

[1] Petitioner also filed two motions for expedited consideration and a motion to preserve the status quo and prohibit removal or transfer pending resolution. (ECF Nos. 4, 12, and 13.) As set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, which resolves the case. Therefore, Petitioner's motions asking the Court to expedited consideration of the action and to prohibit removal or transfer are moot.

[2] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

*v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 27, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge